F I L E D
CLERK OF COURT

2024 NOV 25 PM 2: 44

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. **CF0334-23-01** |
| | ) | GPD REPORT NO. 23-10760 |
| | ) | |
| vs. | ) | |
| | ) | DECISION AND ORDER |
| | ) | RE. THE OAG'S MOTION FOR |
| **THERESA MARIE AFLLEJE BLAS,** | ) | RECONSIDERATION OF DECISION |
| DOB: 07/08/1971 | ) | AND ORDER DISQUALIFYING A |
| | ) | PROSECUTOR |
| Defendant. | ) | |
| | ) | |

## INTRODUCTION

This matter is before the Honorable Maria T. Cenzon upon the Motion for Reconsideration of Decision and Order Disqualifying a Prosecutor (the "Motion") filed by Assistant Attorney General JoAnna P. Deering on behalf of the Office of the Attorney General (the "OAG"). Attorney Thomas J. Fisher represents Defendant Theresa Marie Aflleje Blas ("Defendant") in opposing the Motion. Following oral argument, the Court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.1(e)(6)(E) and CR 1.1 of the Local Rules of the Superior Court of Guam.

After reviewing the record on file in this matter and the applicable statutes and caselaw, the Court now issues the following Decision and Order **DENYING** the Motion For Reconsideration.

//

//

## PROCEDURAL AND FACTUAL BACKGROUND

On May 19, 2023, Defendant was charged via Indictment with the following offenses: Promoting Major Prison Contraband (As a Second Degree Felony) and Promoting of Prison Contraband (As a Misdemeanor). At her arraignment on September 6, 2023, the Defendant asserted her speedy trial; however, the speedy trial clock has been tolled during the pendency of the Motions in this case.[1]

On November 3, 2023, the Defendant filed a Motion to Disqualify a Prosecutor (the "Defendant's Motion"), and the People timely opposed the motion on November 17, 2023. On January 3, 2024, the Court heard arguments on the Defendant's Motion, and on April 2, 2024, the Court issued its Decision and Order disqualifying Special Assistant Attorney General ("SAAG") Joseph McDonald finding that "the dual and contradictory roles that SAAG McDonald is required to serve for the People and for a defendant in a criminal case will eventually result in a difference of interest that will compromise and materially interfere in McDonald's independent professional judgment in *both* his capacities as prosecutor for the People of Guam and counsel for indigent and retained defendants in criminal cases. The Court finds further that the SAAG is unable to establish an exception permitting representation of both the People and clients in criminal cases under Rule 1.7(b)." *Decision and Order* at 20 (emphasis in original).

---

[1] During the first Pre-Trial Conference in this asserted case on October 17, 2023, defense counsel raised an oral objection to Mr. McDonald serving as a Special Assistant Attorney General, but agreed that Defendant's speedy trial clock was tolled during the pendency of Defendant's Motion. *Pre-Trial Conference – Asserted* at 11:16:52 AM to 11:21:07 AM. The Court issued its Decision and Order Re. Def's Mot. to Disqualify a Prosecutor on April 3, 2024, and on the same day issued its Amended Criminal Trial Scheduling Order [Asserted] scheduling trial for April 17, 2024. On April 9, 2024, during the second pre-trial conference in this asserted matter, the Court addressed the People's filing of its Motion for Leave of Court Allowing Plaintiff to File Motion to Disqualify Defense Counsel on April 5, 2024. During that hearing, the Court found that the filing of the People's Motion to Disqualify Defense Counsel was based upon an alleged conflict of interest that purportedly prevented Defense Counsel from serving as Defendant's court-appointed attorney. The Court found that because Defendant is entitled under the Constitution of the United States and the laws of Guam to conflict-free counsel, that the Court had a duty to address the Motion and found that the pendency of the People's Motions again tolled the speedy trial clock; the defense counsel agreed. *Pre-Trial Conference -Asserted* on April 9, 2024, at 11:30:25 AM to 11:31:12 AM (Apr. 9, 2024).

Almost immediately following the Court's Decision, the People sought leave of court to file a Motion to Disqualify Defense Counsel and a Motion for Reconsideration of the Court's Decision disqualifying SAAG McDonald.[2] The Defendant timely filed Oppositions to the Motion for Leave of Court to file a Motion for Reconsideration on April 16, 2024, and to the Motion to Disqualify Defense Counsel on May 3, 2024.

The Court granted the Motions for Leave of Court on June 19, 2024, and issued a briefing schedule setting forth the dates on which the parties were required to submit their motions and responsive pleadings. *See* Decision and Order Granting Motion for Leave of Court (Jun. 19, 2024). The People contemporaneously filed their Motion for Reconsideration to Disqualify a Prosecutor and Motion to Disqualify Defense Counsel on July 5, 2024. Although the Defendant did not file an Opposition to the People's Motion for Reconsideration the Court will consider Defendant's April 16, 2024, Opposition to the People's Motion for Leave to File a Motion for Reconsideration as advancing her position on the issue.

## DISCUSSION

**A.  The People's Motion for Reconsideration cites as its basis a non-existent procedural rule.**

The OAG ask the Court to reconsider its April 3, 2024, Decision and Order disqualifying Special Assistant Attorney General Joseph B. McDonald ("McDonald" or "SAAG McDonald"),

---

[2] See, OAG's "Plaintiff's Motion for Leave of Court Allowing Plaintiff to File Motion to Disqualify Defense Counsel" (April 5, 2024); and, People's Motion for Leave to File Motion for Reconsideration of the Court's Decision and Order Disqualifying a Prosecutor (April 8, 2024). The Court notes that several OAG attorneys have appeared in this case in various capacities, including Chief Deputy Attorney General Joseph Guthrie who filed both Motions for leave of court. AAG JoAnna Deering filed the instant Motion for Reconsideration, while Mr. McDonald filed the original People's Response to Defendant's Motion to Disqualify a Prosecutor (Nov. 17, 2023). As the Court noted in its Decision and Order "several AAGs have appeared in this case prior to SAAG McDonald's entry of appearance including AAG Kristine Borja, AAG Charles Kinnunen, AAG Leah Diaz-Aguon, AAG Matthew Shuck, and AAG Ed Han, during the period of May 11, 2023 to September 6, 2023; therefore, it does not appear that it is 'impracticable or impossible for the office to proceed' without SAAG McDonald." Decision and Order at 19.

citing as its basis this Court's inherent authority "to correct legal errors" and pursuant to "Local Rule CVR 7.1 (1) and (3) [which] provide authority to reconsider Defendant's motion for disqualification. Local rule CVR 7.1 (2) now applies because of *In re. Request of Lourdes A. Leon Guerrero, I Maga Hagan Guahan, Relative to the Duties of the Attorney Gen. of Guam to Exe. Branch Agencies,* CRQ24-001, 10-15." See, Mot. at 2. However, in addition to citing a rule that does not exist in the Local Rules of the Superior Court of Guam,[3] the OAG erroneously cites to a civil rule of procedure, CVR 7.1, the clear language of which addresses "Motion Practice" *only* in civil actions, domestic actions, special proceedings, and *not* in criminal cases. See CVR 1.1 ("The provisions of the Civil Rules (hereinafter "CVR") shall apply to all civil actions, domestic actions, special proceedings, and other proceedings *not including criminal* and juvenile, except where they may be inconsistent with rules or provisions of law specifically applicable thereto.")(emphasis added).

Rather, the applicable motion practice rules *in criminal cases* are found in Criminal Procedure Rules CR 1.1(b) entitled "Motions." Indeed, the Court reminded counsels that they are to follow the Criminal Procedure Rules, which have been in effect for over 10 years.[4] CR 1.1(d) sets forth the rules governing motions for reconsideration in criminal cases. As the matter before this Court is a criminal case, the parties are, once again, admonished to follow and comply with the applicable Rules of Criminal Procedure. This minimum level of competence is required under

---

[3] The People cite to "CVR 7.1(2)" which does not exist. CVR 7.1 contains subsections (a) through (l) and several of those subsections contain a further subset enumerating factors.

[4] See Criminal Procedure Rules, Local Rules of Superior Court of Guam (Promulgation Order No. 13-002-02 (Apr. 9, 2014, eff. April 9, 2014)). *Hrg. on Mot. for Leave of Court Allowing Plaintiff to File Mot. to Disqualify Defense Counsel/People's Mot. for Leave to File Mot. for Reconsideration of the Court's Decision and Order Disqualifying Prosecutor; Memorandum of Points and Authorities* on June 7, 2024 at 2:48:24 PM to 2:48:51 PM (Jun. 7, 2024).

the Guam Rules of Professional Conduct.[5] This error is further inexcusable considering that the Decision and Order upon which the OAG seeks reconsideration specifically cites to CR 1.1 of the Criminal Procedure Rules. *See, Decision and Order Re. Def's Mot. To Disqualify a Prosecutor* at 1 (Apr. 2, 2024).

Thus, although the Court may summarily reject the OAG's Motion on the basis that CVR 7.1 is inapplicable here, the Court shall proceed to scrutinize the substance of the Motion under the applicable rule, which is Criminal Procedure Rule CR 1.1(d)(1) – (3).

**B. CR 1.1(d) of the Criminal Procedure Rules governs Motions for Reconsideration in Criminal Cases.**

A Motion for Reconsideration in a criminal case is governed by CR 1.1(d) of the Criminal Procedure Rules, which provides as follows:

(d) Motion for Reconsideration. A motion may be renewed only on the grounds of

(1) a material difference in fact or law from that presented to the court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or,

(2) the emergence of new material facts or a change of law occurring after the time of such decision, or,

(3) a manifest showing of a failure to consider material facts presented to the Court before such decision.

No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

Local Rules of Superior Court of Guam, Criminal Procedure Rule CR 1.1(d)(1)-(3).

---

[5] An attorney's duty of competence under Rule 1.1 of the Guam Rules of Professional Conduct requires "the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation." A prosecutor citing to a civil rule of procedure in a criminal case when the rules clearly provide otherwise indicates a lack of thoroughness, preparation and competence at a minimum level.

The OAG declares, without explanation, that the recent Declaratory Judgment issued by the Guam Supreme Court in *In re Request of Lourdes A. Leon Guerrero, I Maga Hagan Guahan, Relative to the Duties of the Attorney General of Guam To Executive Branch Agencies,* Supreme Court Case No. CRQ24-001, 10-15 (May 31, 2024),[6] supports its motion for reconsideration of this Court's decision disqualifying Mr. McDonald from serving as a Special Assistant Attorney General in this this criminal case brought in the name of the People of Guam against a single defendant. *See Ppl.'s Mot.* at p. 2. However, the People failed both in its written Motion and in its oral argument before this Court to establish how the Declaratory Judgment in CRQ24-001 (in which the Guam Supreme Court addressed four (4) limited questions presented to it by Governor Leon Guerrero with respect to the OAG's representation of executive branch agencies and her authority to appoint Special Assistant Attorneys General when the AG refuses to do so) impacts the Court's previous decision disqualifying SAAG McDonald in this criminal matter.[7]

The circumstances surrounding *In re Request of Lourdes A. Leon Guerrero* are factually distinct from the case at bar and involved Attorney General Douglas B. Moylan (hereinafter "AG Moylan") giving notice to twenty-two (22) executive branch agencies that he would be withdrawing his representation because of a potential conflict of interest "between his representation of the agencies and his statutory role as Public Prosecutor." *Decl. Judg.* (May 31, 2024) at p. 2. After emergency sessions called by the 37th Guam Legislature and Governor Lou Leon Guerrero (hereinafter the "Governor"), the Governor petitioned the Supreme Court under 7

---

[6] By the very caption of the case cited by the OAG, it is clear that the Declaratory Judgment is limited only to the questions of law certified to the Guam Supreme Court relative to the duties of the Attorney General of Guam ***to the executive branch agencies.***

[7] *In re. Request of Lourdes A. Leon Guerrero Relative to the Duties of the Attorney General of Guam to Exec. Branch Agencies,* Supreme Court of Guam Case No. CRQ24-001 at 14 ("the Governor acts consistently with her Organic Act authority when she appoints Special Assistant Attorneys General where the AG refuses to do so."). See also, *Id.* at fn. 8.

GCA § 4104 to answer several questions concerning the AG's conduct in withdrawing representation of the agencies. *Id.* The Guam Supreme Court certified the following questions for its consideration:

> 1. May the Attorney General of Guam withdraw from legal representation of an Executive Branch agency, or otherwise decline to provide legal services to such agency, when the Attorney General claims such representation conflicts with ongoing investigations or prosecutions?
>
> 2. May the Attorney General provide legal services to the agency, notwithstanding his access to confidential information from both the agency and the investigations and prosecutions?
>
> 3. Is the Attorney General required to implement conflict protocols consistent with the Guam Rules of Professional Conduct including, but not limited to, an ethical screen or assignment of investigations or prosecutions of agency officials to an independent Special Prosecutor?
>
> 4. If the Attorney General withdraws from representing an agency – or is otherwise unable to provide legal services to the agency – may the agency employ or procure the services of an attorney independent of the Attorney General to perform legal services for the agency, including review and approval of agency contracts as to legality and form?[8]

Despite being factually dissimilar from the issues in this case, the OAG summarily declares in its opening statement that "Local Rule CVR 7.1(2) now applies" because of the Declaratory Judgment in CRQ24-001, which was issued after this Court's Decision and Order. However, the OAG provides no analysis analogizing the findings therein to the circumstances here. As stated previously, the Court will assume that the People mean to refer to CR 1.1(d)(2), "the emergence of new material facts or a change of law occurring after the time of such decision," as supporting its request for reconsideration. However, none of the questions answered by the Supreme Court in CRQ24-001 apply to the question before this Court to establish a change of law

---

[8] *Id.* at pp. 3, 6 – 15.

or new material facts supporting reconsideration. This case involves the appointment by the Attorney General of SAAG McDonald in a criminal prosecution against an individual defendant. In obvious contrast, CRQ24-001 specifically addressed the Attorney General's appointment of (or the failure to appoint) Special Attorneys General to represent executive branch agencies. Consequently, this Court finds that the Declaratory Judgment in CRQ24-001 is not a "change in the law" warranting reconsideration of the Court's previous decision disqualifying McDonald.

Having determined that CRQ24-001 does not provide support for the OAG's motion for reconsideration, the Court points out that the Declaratory Judgment instead hints at support of this Court's finding that SAAG McDonald's dual roles of Prosecutor and Defense Counsel violates the Guam Rules of Professional Conduct. In CRQ24-001 the Supreme Court, citing GRPC 1.7(a), declared: "The AG must not participate in a prosecution where there is a significant risk his representation of the People will be materially limited by his responsibilities to an agency." *See Decl. Judg.* at p. 9 (citing Guam R. Prof'l Conduct 1.7(a)). This Court considered this precept in finding that McDonald's dual and contradictory roles of Prosecutor in the name of the People and Defense Counsel for his criminal clients "will eventually result in a difference of interest that will compromise and materially interfere in McDonald's independent professional judgment in *both* his capacities as prosecutor for the People of Guam and counsel for indigent and retained defendants in criminal cases." *See, Decision and Order* at 5 – 18, 20.

Based on this analysis, the Court finds that *In re Request of Lourdes A. Leon Guerrero* does not provide support for the OAG's reconsideration as it is not a change in the law warranting a reconsideration of the Court's earlier decision.

**C. The OAG fails to satisfy the requirements of CR1.1(d)(1) or (3).**

In addition to failing to establish a change in the law as a result of the Declaratory Judgment in CRQ24-001 which would impact this Court's previous decision, the OAG has not established either "a material difference in fact or law from that presented to the court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision" (CR1.1(d)(1)) or "a manifest showing of a failure to consider material facts presented to the Court before such decision" (CR1.1(d)(3)).

Instead, the OAG repurposed its previous discussion of *Barret-Anderson v. Camacho*, 2018 Guam 20, which was proffered in Mr. McDonald's previous Opposition, and proceeded to challenge this Court's ruling without establishing a material difference either in the fact or in the law *before* the decision "that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration *at the time of such decision.*" Merely expressing disagreement with the Court's analysis and final decision does not equate with a material difference in the fact or the law before the decision that could not have been known to Mr. McDonald in the exercise of reasonable diligence.

The OAG also failed to establish that the Court did not consider material facts presented to it by Mr. McDonald during the Motion. The Court considered all of the information presented to it by Mr. McDonald to establish that he was in compliance with GRPC 7.1; however, the Court found that the evidence proffered by McDonald to establish his compliance with the Rule of Professional Conduct was inadequate. For example:

(1) *Decision and Order,* p. 10: "Indeed the statement that McDonald has no "responsibilities to another client...that would be materially limited by the engagement in this matter" is the precise question sought to be answered in this instant Motion. That is, whether

McDonald's responsibilities to his current criminal defense clients would be materially limited by his responsibilities as a prosecutor under the SAAG designation, and vice versa." During the hearing, SAAG McDonald indicated that he had one court-appointed criminal defendant and two clients who either retained him or another attorney within the McDonald Firm. *Id.* (citing to *Mot. Hrg.* at 10:16:30 AM – 10:19:30 AM (Jan. 3, 2024). However, the Court found that the information provided to the Court at the hearing was devoid of any evidence of such waivers or that the waivers were *knowing* waivers of conflict. *Id.*

(2) *Decision and Order,* p. 11 – 12: SAAG McDonald explained to the Court that his role in this case was only as a "consultant" and very well defined as it was crafted as a "narrow engagement for the limited purpose of taking the matter to trial and other related proceedings." In this regard, this Court stated: "This Court is perplexed by McDonald's description of his "narrow engagement" as SAAG because it appears to encompass all of the same authority as a full-time Assistant Attorney General employed by the OAG.

As a final matter, the OAG raises the issue the Defendant lacks standing to challenge the appointment of SAAG McDonald "on behalf of third-party clients of SAAG McDonald." *Mot.* at 8. This argument should have been raised during the original hearing on the Defendant's Motion, rather than on a motion for reconsideration. However, the timing is irrelevant because the OAG fails to provide relevant authority in support of this argument, citing only to a case involving civil patent and antitrust controversy and not a criminal case wherein the prosecutor is disqualified because he is also a defense attorney either appointed by the Court or retained by the individual.

## CONCLUSION

For the reasons set forth herein, the Court hereby **DENIES** the People's Motion for Reconsideration. As Defendant has continued to **ASSERT** her right to a speedy trial, the Court

must take the matter to trial within **14 days**, which is the remainder of the 60 days mandated for this Court to take the matter to trial pursuant to 8 GCA § 80.60(a)(3). An [Asserted] Criminal Trial Scheduling Order shall be issued concurrently with this Decision and Order scheduling trial within no less than **five (5)** days of the date of this Decision and Order, pursuant to 8 GCA § 80.40 ("The defendant is entitled to at least five (5) days after entering his plea to prepare for trial ....").

**SO ORDERED** this 25th day of November, 2024.

HONORABLE MARIA T. CENZON
Judge, Superior Court of Guam

**SERVICE VIA EMAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:

AG, T. Fisher

Date: 11/25/24 Time: 2:56 pm

Antonio ol Cruz
Deputy Clerk, Superior Court of Guam